```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
------------------------------x
                              :
SANTIAGO GOMEZ                :    Civ. No. 3:17CV02085(JCH)
                              :
v.                            :
                              :
SCOTT SEMPLE, et al.          :    March 7, 2019
                              :
------------------------------x
```

### ORDER ON PLAINTIFF'S LETTER MOTION [Doc. #49]

On February 15, 2019, the self-represented plaintiff Santiago Gomez ("plaintiff") filed a "letter motion" requesting: (1) permission to serve written deposition questions on each of the defendants; (2) that the Clerk's Office issue a subpoena permitting plaintiff's brother to inspect certain toilets in the New Haven Correctional Center ("NHCC"); and (3) that the Court schedule a conference to address "a discovery demand that [plaintiff] anticipate will breach the safety and security of the" NHCC. Doc. #49 at 1 (sic). On February 25, 2019, Judge Janet C. Hall referred plaintiff's letter motion to the undersigned. [Doc. #50]. For the reasons that follow, plaintiff's letter motion [**Doc. #49**] is **DENIED**.

1. **Background**

The Court presumes familiarity with the factual background of this matter, which is set forth at length in Judge Hall's

Initial Review Order of plaintiff's Amended Complaint. See Doc. #18.

Upon the referral of Judge Hall, on January 16, 2019, the undersigned held a telephonic status conference with plaintiff and counsel for defendants. [Docs. #37, #39]. During that conference, the Court reviewed the status of discovery with plaintiff and counsel for defendants. See Doc. #37 at 1-2. The Court also set two interim deadlines: first, that any written discovery be issued such that it is received by the opposing party on or before March 1, 2019; and second, that any requests to take depositions be filed with the Court on or before March 29, 2019. See id. at 2. Discovery in this matter is scheduled to close on May 17, 2019. See Doc. #18 at 22; see also Doc. #37 at 2.

**2. Discussion**

A. Written Deposition

Plaintiff first "request[s] permission to serve written Deposition questions upon defendants." Doc. #49 at 1 (sic). "A party may, by written questions, depose any person, including a party, without leave of court except ... if the parties have not stipulated to the deposition and[] the deposition would result in more than 10 depositions being taken under this rule[.]" Fed. R. Civ. P. 31(a)(1), (a)(2)(A)(i). Presumably, plaintiff seeks

to serve written deposition questions on each of the remaining sixteen defendants and thus seeks leave of Court to do so.

Rule 28 mandates that "[w]ithin the United States ..., a deposition must be taken before: (A) an officer authorized to administer oaths either by federal law or by the law in the place of examination; or (B) a person appointed by the court where the action is pending to administer oaths and take testimony." Fed. R. Civ. P. 28(a)(1)(A)-(B). Rule 31, which governs depositions by written questions, contemplates that a deposition by written questions shall also occur before such an officer. See Fed. R. Civ. P. 31(a)(3) ("A party who wants to depose a person by written questions must serve them on every other party, with a notice stating, if known, the deponent's name and address. ... The notice must also state the name or descriptive title and the address of the officer before whom the deposition will be taken."). Indeed, Rule 31(b) outlines that officer's duties when presiding over the deposition by written questions, including that the officer: "(1) take the deponent's testimony in response to the questions; (2) prepare and certify the deposition; and (3) send it to the party, attaching a copy of the questions and of the notice." Fed. R. Civ. P. 31(b)(1)-(3). See also Sherrod v. Breitbart, 304 F.R.D. 73, 77 n.3 (D.D.C. 2014) (Deposition by written questions does not "eliminate the need for [the deponent] to appear, because 'Rule

3

31 clearly contemplates a witness's personal presence at a deposition, where the witness delivers his or her testimony orally. It does not contemplate written responses to written deposition questions.'" (quoting Kendrick v. Bowen, No. 83CV3175, 1989 WL 39012, at *1 n.2 (D.D.C. Apr. 13, 1989))).

Plaintiff has not identified an officer who will administer the oath or who will proceed in accordance with Rule 31(b). Nor has plaintiff, an incarcerated individual who is proceeding in forma pauperis, see Doc. #8, stated whether he has the funds necessary to pay for that officer's services. Until plaintiff identifies an appropriate officer, and demonstrates an ability to pay for that officer's services, the Court will not permit plaintiff to proceed by written deposition.[1] See, e.g., Braham v. Lantz, No. 3:08CV1564(DFM), 2011 WL 4809032, at *1 (D. Conn. Oct. 11, 2011) (Self-represented inmate's motion for leave to conduct depositions denied where, inter alia, "[h]e has not explained how he would fund the expenses associated with the depositions.").

Accordingly, plaintiff's request to proceed by written deposition as to each of the sixteen defendants is **DENIED,**

---

[1] "There is no authority that requires the federal government to pay for the discovery expenses of a pro se plaintiff in a civil case." Espinal v. Coughlin, No. 98CIV2579(RPP), 1999 WL 1063186, at *2 (S.D.N.Y. Nov. 23, 1999) (footnote omitted).

**without prejudice**. If plaintiff chooses to re-file his motion for leave to proceed by written deposition, he must set forth the name of the officer who will administer the oath, the estimated cost of the written depositions, and how plaintiff intends to pay for those costs.

    B.    <u>Request for Subpoena</u>

Plaintiff next requests that the Clerk of the Court issue a subpoena so his brother may inspect and take a video of "the operation of the Toilets in the B-block and D-Block along with the 22 Rm in S-Unit[]" in the NHCC. Doc. #49 at 1 (sic). The Court **DENIES** this request on two grounds.

<u>First</u>, video footage taken inside a correctional facility by a third party implicates obvious safety and security concerns. <u>See, e.g.</u>, <u>Gardner v. Univ. of Conn. Health Ctr.</u>, No. 3:12CV1168(CSH), 2013 WL 6073430, at *2 (D. Conn. Nov. 18, 2013) ("Federal courts have repeatedly found good cause to limit discovery or disclosure of information implicating the safety and security of prisons.").

<u>Second</u>, plaintiff fails to articulate how the current operation of the identified toilets is relevant to the operation of those same toilets during the time period at issue here, approximately October 6, 2017, to October 24, 2017. <u>See</u> Doc. #16, Amended Complaint at ¶42, ¶¶53-62, ¶69. Plaintiff may instead serve a discovery request on defendant(s) seeking

5

information concerning the operation of those toilets during the relevant time period. If plaintiff has not already done so, then on or before **March 18, 2019,** plaintiff may serve a discovery request limited to this issue.

    C.   <u>Court Conference</u>

Last, plaintiff requests "a Court conference with respect to a discovery demand that I anticipate will breach the safety and security of the [NHCC] i.e. the telephone and/or cellular #s (personal) of defendants Belica, Clinton and Hines along with the names of their cellular device providers[.]" Doc. #49 at 1 (sic). Plaintiff's request for a Court conference is **DENIED, as premature**. If plaintiff has not already done so, then on or before **March 18, 2019,** plaintiff may serve written discovery requests on defendants Belica, Clinton, and Hines seeking the information identified in his letter motion and then await their responses and/or objections. If plaintiff has a valid legal basis upon which to seek a Court order compelling additional responses to those discovery requests, then plaintiff may file the appropriate motion (after complying with this District's local rules governing discovery disputes). The Court is hard pressed, however, to imagine the circumstances under which it would permit such a request, or how such a request could be relevant to the claims remaining in plaintiff's Amended Complaint.

### 3. **Conclusion**

Thus, for the reasons stated, plaintiff's letter motion [**Doc. #49**] is **DENIED**.

This is not a Recommended Ruling. This is an order regarding discovery which is reviewable pursuant to the "clearly erroneous" statutory standard of review. See 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at New Haven, Connecticut, this 7th day of March, 2019.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE